UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-21678-GAYLES/GOODMAN

MAIRALYS FERNANDEZ REYES,

 Plaintiff,

vs.

HENRY VERA,

 Defendants.
_____/

**PLAINTIFF'S MOTION TO DECLARE
DEFENDANT SERVED WITH PROCESS
PURSUANT TO FLA. STAT. §48.031**

Plaintiff, Mairalys Fernandez Reyes, through her undersigned counsel and pursuant to Fla. Stat. §48.031 and other applicable Rules and laws, requests that the Court enter an Order determining that Defendant, Henry Vera, was served with process in compliance with Fla. Stat. §48.031 based on the following good cause:

**I. FACTUAL AND PROCEDURAL HISTORY**

1. Plaintiff filed her Complaint in this case on April 11, 2025, to recover money that she earned while working as an assistant manager at Defendant's restaurant. [ECF No. 1].

2. Plaintiff filed the Complaint in this District because Defendant is a resident of this District, owned a restaurant in this District, because she worked and was to be paid in this District, so this Court has original jurisdiction over Plaintiff's federal question claims and pendant jurisdiction over her related Florida state law claims. *Id.*

3. Plaintiff provided a copy of the Summons and Complaint to her process server.

4. The process server made multiple attempts to serve the Defendant beginning in April 2025 until the most recent attempt on July 18, 2025, but to no avail. [ECF No. 20].

5. A review of other filings in this District indicated the following:

   a) The Defendant filed a bankruptcy petition on May 26, 2025, S.D. Fla. Bkcy. Case No. 25-1855, wherein he identified 1210 Washington Ave #235, Miami Beach, FL 33139 as his address, and

   b) The Defendant filed another bankruptcy petition on July 8, 2025, S.D. Fla. Bkcy. Case No. 25-17760, wherein he identified 15874 S.W. 14th Court, Pembroke Pines, FL 33027 as his address.

6. Defendant failed to have anyone available at his last known addresses on the various days on which attempts at service were made, was not at the address of his other business when service was attempted on him there, did not respond to the process server's messages, and did not respond to the contact cards left for him by the process server. [ECF No. 20].

7. Defendant is not represented by counsel in this matter or the other matter the firm is pursuing against him in this District, *Carlos Manuel Vasquez Lopez vs. Henry Vera*, S.D. Fla. Case No.: 1:25-CV-21679-GAYLES/AUGUSTIN-BIRCH. (Also, both bankruptcy cases were dismissed.)

8. Plaintiff filed a Motion for Extension of Time to Effect Service of Process on Defendant, which was granted by the Court, followed by a Notice of Filing Proposed Summons for Henry Vera to serve him through the Secretary of the State of Florida [ECF Nos. 16, 17, 18].

9. Appended hereto as Exhibit "A" is Plaintiff's Affidavit of Compliance pursuant to Fla. Stat. §48.031.

10. The Secretary of State accepted substitute service of process for Defendant on July 22, 2025. (Exhibit "1" to Exhibit "A").

11. Plaintiff sent a copy of the Secretary of State's acceptance of substitute service to the Defendant by certified mail on July 22, 2025 (Exhibit "2" to Exhibit "A").

12. The letter sent to the Defendant was returned because he refused to sign it. (Exhibit "3" to Exhibit "A").

13. The Defendant is not in the military. (Exhibit "B").

## II. MEMORANDUM OF LAW

Rule 4 of the Federal Rules of Civil Procedure provides for service of process on a defendant by following state law. Fed. R. Civ. P. 4(e)(1); and *Manufacturers Hanover Trust Co. v. Ponsoldt*, 51 F.3d 938 (11th Cir. 1995). Florida law permits a plaintiff to obtain substitute service on a defendant who is a non-resident or who has concealed its whereabouts. Fla. Stat. §48.161.

This Court discussed the use of substituted service when a defendant avoids being served with process:

> In order to justify the use of substituted service, "The test ... is not whether it was in fact possible to effect personal service in a given case, but whether the [plaintiff] reasonably employed knowledge at [her] command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire information necessary to enable [her] to effect personal service on the defendant." *Delancy v. Tobias,* 26 So.3d 77, 78 (Fla. 3d DCA 2010) (alteration in original; internal citation omitted).
>
> *4 A number of courts have boiled down the technical requirements for substituted service as follows: "(1) the plaintiff must send notice of service and a copy of the process by registered or certified mail to the defendant; (2) the plaintiff must file the defendant's return receipt; and (3) the plaintiff must file an affidavit of compliance." *See, e.g., Smith v. Leaman,* 826 So.2d 1077, 1078 (Fla. 2nd DCA 2002).

*Verizon Trademark Services, LLC v. Producers, Inc.,* 2011 U.S. Dist. LEXIS 84756 (M.D. Fla. Aug. 2, 2011). The facts to which the undersigned attested in Exhibit "A", along with the Return of Non-

Service [ECF No. 20], establish Plaintiff's reasonable attempts to obtain personal service on Defendant.

This Court in *Verizon Trademark* went on to discuss the recognized exception to filing a return receipt in situations in which a defendant is avoiding service of process:

> Despite the requirement of strict compliance with the statutory requirements, "the courts have created an exception to the requirement that the plaintiff file the defendant's return receipt for those situations in which the defendant is actively refusing or rejecting the substituted service of process." *Smith*, 826 So.2d at 1078. As stated in *Jennings v. Montenegro*, 792 So.2d 1258, 1261 (Fla. 4th DCA 2001), "Plaintiffs who use substituted service but fail to obtain a return receipt … must allege that the defendant is concealing his whereabouts, or that they had exercised due diligence in attempting to locate him." (Internal citations omitted). "In other words, the failure of delivery of service must be attributable to the defendant." *Id.*

*Verizon Trademark Services, LLC v. Producers, Inc.*, 2011 U.S. Dist. LEXIS 84756 (M.D. Fla. Aug. 2, 2011). In the case *sub judice*, Defendant was not present or available at any address known for him, did not respond to phone calls, messages, or contact cards left for him by the process server. [ECF No. 20].

As set forth above, Plaintiff utilized the information at her disposal and made diligent efforts in attempting to locate and serve the Defendant with process, including as based on the bankruptcy filings by the Defendant. *Id.*

Plaintiff's process server went to serve the Defendant with process at his home/residence, and at the known other address he provided, but Defendant failed to have anyone available at his last known address on any of the numerous days on which attempts at service were made. [ECF No. 20]. Plaintiff's Process Server attempted to serve the Defendant at the addresses known for him and at the other known address Defendant provided approximately 11 different occasions, at different times, all between 8:00 am and 9:00 pm, and called, left voicemails for him on 6 different

135 San Lorenzo Avenue, Suite 770, Miami, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

occasions to coordinate service of process. Although Defendant called the process server back on May 15, 2025, in response to the contact card left for him, the Defendant did not show up at the time he agreed to appear to accept service of process. [ECF No. 20].

Despite these numerous and diligent attempts, Plaintiff was unable to serve Defendant with process because he is deliberately concealing himself and evading service. Accordingly, Plaintiff reasonably employed knowledge at her command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire the information necessary to enable her to effect service, albeit unsuccessfully. *See MPM 17A STR, Ltd. Liab. Co. v. Spitalnic*, No. 15-21337-Civ-COOKW/TORRES, 2015 U.S. Dist. LEXIS 92551 (S.D. Fla. July 16, 2015).

## CONCLUSION

Plaintiff diligently searched and attempted to locate and serve Defendant, and then properly effectuated substituted service of process on him through the Florida Secretary of State in accordance with Fla. Stat. § 48.031. (Exhibit "1" to Exhibit "A"). Service on Defendant is valid under Fla. Stat. § 48.031 to establish his receipt of the Acknowledgment of Service by the Secretary of State. Consequently, Plaintiff requests the Court to enter an Order declaring Defendant served with process so that she can thereafter obtain a Default against him in this matter.

Respectfully submitted this 13th day of October 2025.

                                              s/Katelyn Schickman, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
Katelyn Schickman, Esq.
Fla. Bar No. 1064879
katie@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Miami, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*

A copy of the foregoing is being served on the Defendant by U.S. Mail at his last known postal address:

Henry Vera
15874 SW 14 Ct
Hollywood, FL 33027