**FLORIDA DEPARTMENT OF STATE**
Division of Corporations

July 22, 2025

Brian Pollock

Pursuant to Chapter 48.161 Florida Statutes, substitute service [was perfected on] Henry Vera in case number 1:25-CV-21678-GAYLES/GOODMAN a[t ...] PM.

Plaintiff(s)
Mairalys Fernandez Reyes
v.
Defendant(s)
Henry Vera

The Secretary of State does not forward documentation to the defendant. All inquiries on behalf of this defendant should be made to the attorneys involved.

Tanner J. Turnmire
Processor of Service

Division of Corporations
P.O. Box 6327, Tallahassee, Florida 32314

Letter No. 250722040SOP.01

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

**OFFICIAL USE**

Certified Mail Fee $
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $ _____
☐ Return Receipt (electronic) $ _____   Postmark
☐ Certified Mail Restricted Delivery $ _____   Here
☐ Adult Signature Required $ _____
☐ Adult Signature Restricted Delivery $ _____
Postage $
Total Postage and Fees
$ 11.02

Sent To: Henry Vera
Street and Apt. No., or PO Box No.: 15874 SW 14th Ct
City, State, ZIP+4®: Pembroke Pines FL 33027

PS Form 3800, January 2023 PSN 7530-02-000-9047   See Reverse for Instructions

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-21678-GAYLES/GOODMAN

MAIRALYS FERNANDEZ REYES,

    Plaintiff,

vs.

HENRY VERA,

    Defendant.
_____/

## SUMMONS IN A CIVIL ACTION

TO:    Henry Vera
        c/o Secretary of State
        P.O. Box 6327
        Tallahassee, FL 32314

        A lawsuit has been filed against you.

    Within 21 days after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) – you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

        Brian H. Pollock, Esq.
        FairLaw Firm
        135 San Lorenzo Avenue
        Suite 770
        Coral Gables, FL 33146
        Tel:    (305) 230-4884
        brian@fairlawattorney.com

    If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date:___Jul 17, 2025_____



Angela E. Noble
Clerk of Court

**SUMMONS**

s/ C.Davis
_____
Deputy Clerk
U.S. District Courts

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-21678

MAIRALYS FERNANDEZ REYES,

    Plaintiff,

vs.

HENRY VERA,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Mairalys Fernandez Reyes, sues Defendant, Henry Vera, as follows:

*Parties, Jurisdiction, and Venue*

1. **Plaintiff, Mairalys Fernandez Reyes,** is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. **Defendant, Henry Vera,** was at all times material an owner/officer/director/manager of the Vera Restaurant Inc., for the time period relevant to this lawsuit. He ran its day-to-day operations, was responsible for all operational decisions, and was responsible for paying Plaintiff's wages.

3. Defendant operated a restaurant business, Vera Restaurant Inc. d/b/a 5 Esquinas, on Miami Beach, Florida. The restaurant has since filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District of Florida.

4. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over Plaintiff's related Florida state law claims.

1

5.  Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transacts business in this District, because Plaintiff worked and was due to be paid in this District, and because most if not all of the operational decisions were made in this District.

6.  Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

7.  Plaintiff was unsuccessful in her attempt(s) to resolve this matter with the Defendant pre-suit.

8.  Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### *Allegations Common to FLSA Claims*

9.  Defendant's restaurant was, at all material times, an enterprise engaged in interstate commerce in his marketing, preparation, cooking, service, and sale of foodstuffs, produce, meats, fish, beverages, coffees, teas, alcoholic beverages, and products that moved through interstate commerce.

10. Defendant's restaurant cooked, prepared, and stored perishables and alcoholic beverages using machinery, appliances, refrigeration, goods, and materials that have also moved through interstate commerce.

11. Furthermore, Defendant's restaurant regularly and recurrently obtained, solicited, exchanged, and sent funds to and from outside of the State of Florida, used telephonic transmissions going outside of the State of Florida to conduct business, and transmitted electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

12. Defendant's restaurant's annual gross revenues from this interstate commerce are believed to exceed $500,000.00 for the relevant time and/or $125,000.00 for each fiscal quarter in

2

which Plaintiff worked.

13. Defendant was Plaintiff's "employer," as the term "employer" is defined for FLSA claims in 29 U.S.C. §203(d).

14. Defendant maintained the control, oversight, and direction over Plaintiff and the others employees at his restaurant, including the ability to hire, fire, and discipline them.

15. Plaintiff was an non-exempt, hourly employee of Defendant, as the term "employee" is defined by 29 U.S.C. §203(e).

16. Plaintiff consents to participate in this lawsuit.

17. Plaintiff worked for Defendant as an "assistant manager" from approximately March 25, 2024, to December 27, 2024.

18. To the extent that records regarding the exact dates of Plaintiff's employment exist, such records are believed to be in Defendant's exclusive custody.

19. Plaintiff's job duties involved assisting with various aspects of Defendant's restaurant business, which later included serving tables, working as a bartender, working as a busser, and performing other jobs.

20. Defendant agreed to pay Plaintiff $20.00 per hour, then changed her rate to $18 per hour, and later restored her pay to $20 per hour.

21. Defendant controlled all job-related activities of Plaintiff.

22. Defendant coordinated all job-related activities of Plaintiff.

23. Defendant supervised Plaintiff's work.

24. Plaintiff's work for Defendant was actually in or so closely related to the movement of commerce while she worked for Defendant that the Fair Labor Standards Act applies to Plaintiff's work for Defendant in the course of her handling, serving, and selling liquor, beer, mixers, and

3

beverages that have traveled through interstate commerce while also regularly and recurrently utilizing computers, equipment, telephone lines, and electronic transmissions that also traveled through interstate commerce.

### COUNT I – FLSA MINIMUM WAGE VIOLATION(S)

Plaintiff, Mairalys Fernandez Reyes, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

25. Plaintiff did not receive even the minimum wage of $7.25 per hour for the hours she worked for Defendant at its restaurant, having <u>failed to pay her</u> in a timely manner for the period from November 18, 2024, to December 27, 2024.

26. As a direct and proximate result of Defendant's violations of the FLSA, as set forth above, Plaintiff is entitled to recover the applicable minimum wages for all unpaid/underpaid hours worked, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Mairalys Fernandez Reyes, demands the entry of a judgment in her favor and against Defendant, Henry Vera, as follows:

   a. That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

   b. That Plaintiff recover pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;

   c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

   d. That Plaintiff recover all interest allowed by law;

   e. That Defendant be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

   f. Such other and further relief as the Court deems just and proper.

## COUNT II - FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Mairalys Fernandez Reyes, reincorporates and re-alleges paragraphs 1 through 24 as though set forth fully herein and further alleges as follows:

27. Plaintiff consistently worked over 40 hours in a workweek for Defendant at his restaurant.

28. Plaintiff worked approximately 410.81 hours of overtime for Defendant at his restaurant, including:

   a. 309.82 overtime hours for which she was paid at her regular hourly rate; and

   b. 100.99 overtime hours for which she was not paid at all.

29. Defendant failed and refused to pay Plaintiff overtime wages calculated at time and one-half times her regular hourly rate(s) of pay for the 410.81 overtime hours she worked.

30. As a direct and proximate result of Defendant's violations of the FLSA, as set forth above, Plaintiff is entitled to recover overtime wages for all overtime hours worked, plus an equal amount as a liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Mairalys Fernandez Reyes, demands the entry of a judgment in Plaintiff's favor and against Defendant, Henry Vera, as follows:

   a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

   b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

   c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

   d. That Plaintiff recover all interest allowed by law;

    e.    That Defendant be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

    f.    Such other and further relief as the Court deems just and proper.

## COUNT III – FLSA TIP CLAIM

Plaintiff, Mairalys Fernandez Reyes, reincorporates and re-alleges paragraphs 1 through 24 as though set forth fully herein and further alleges as follows:

31. The FLSA was amended in 2018 at 29 U.S.C. §203(m)(2)(B) to confirm that employers may (a) not keep any portion of the tips and/or overtips earned by their employees for any reason – even when employers pay their employees more than the minimum wage – and (b) may not distribute tips to managers or supervisors:

> **An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors** to keep any portion of employees' tips, **regardless of whether or not the employer takes a tip credit.**

32. The 2018 amendment to the FLSA confirms that each employer who violates the provisions of 29 U.S.C. §203(m)(2)(B) on either an individual or collective basis violates the FLSA:

> Any employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages. An action to recover the liability prescribed in the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or himself and other employees similarly situated

29 U.S.C. §216(b).

33. Defendant disregarded the FLSA's prohibition against employers retaining the tips earned by its employers and the prohibition against distributing tips to managers or supervisors by either not distributing to Plaintiff and/or keeping for himself or other traditionally non-tipped employees the tips Plaintiff earned from November 18, 2024, to December 27, 2024.

6

34.  As a direct and proximate result of Defendant's failure to pay Plaintiff the tips she earned from November 18, 2024, to December 27, 2024, he violated the 29 U.S.C. §203(m)(2)(B) of the FLSA and damaged Plaintiff.

35.  Plaintiff is entitled to recover as damages all tips and overtips that Defendant improperly retained and/or improperly distributed to traditionally non-tipped employees, plus an equal amount of liquidated damages, plus attorney's fees and costs.

WHEREFORE Plaintiff, Mairalys Fernandez Reyes, demands the entry of a judgment in her favor and against Defendant, Henry Vera, as follows:

a.  That Plaintiff recover the tips she earned but did not receive and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b.  That Plaintiff recover pre-judgment interest on all unpaid tips if the Court does not award liquidated damages;

c.  That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d.  That Plaintiff recover all interest allowed by law;

e.  That Defendant be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

f.  Such other and further relief as the Court deems just and proper.

## COUNT IV – BREACH OF CONTRACT

Plaintiff, Mairalys Fernandez Reyes, reincorporates and re-alleges paragraphs 1 through 8 as though set forth fully herein and further alleges as follows:

36.  Through this claim, Plaintiff seeks recovery of the "pure gap time" wages she worked and earned but did not receive. *See e.g.*, *Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir.

7

2014); *Botting v. Goldstein*, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield*, Va., 95 F.3d 1263, 1280 (4th Cir. 1996).)

37. Defendant agreed to pay Plaintiff for all work performed at $20.00 per hour, then changed her rate to $18 per hour, and later restored her pay to $20 per hour.

38. Plaintiff performed under the parties' contract/agreement by performing work for Defendant as aforesaid.

39. Defendant, however, failed and refused to perform its obligation to timely pay Plaintiff at the agreed-upon rate(s) for the hours of work she performed from November 18, 2024, to December 27, 2024.

40. Plaintiff has been damaged as a direct and proximate result of Defendant's failure to pay her at all for the work performed from November 18, 2024, to December 27, 2024.

WHEREFORE Plaintiff, Mairalys Fernandez Reyes, demands the entry of a judgment in her favor and against Defendant, Henry Vera, for all breach of contract damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

### COUNT V - UNJUST ENRICHMENT

Plaintiff, Mairalys Fernandez Reyes, reincorporates and re-alleges paragraphs 1 through 8 as though set forth fully herein and further alleges as follows:

41. Through this claim, Plaintiff seeks recovery of the "pure gap time" wages that she worked and earned, but did not receive. *See e.g., Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); Botting v. Goldstein, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v.*

8

*Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield, Va.*, 95 F.3d 1263, 1280 (4th Cir. 1996).)

42. Plaintiff provided labor and services for Defendant, and he received and accepted the benefits of the labor and services supplied by Plaintiff.

43. Plaintiff expected to be paid a reasonable value for the labor and services provided to Defendant.

44. Plaintiff provided services to Defendant for his restaurant business, as he requested, and based on his assurances to Plaintiff that he would pay Plaintiff for services rendered, after which Defendant received and accepted the benefits of the work, efforts, and labor that Plaintiff provided, but for which Plaintiff was not fairly compensated for the value of his work

45. Defendant was unjustly enriched by failing and refusing to pay Plaintiff for the benefits she conferred upon it from November 18, 2024 to December 27, 2024.

WHEREFORE Plaintiff, Mairalys Fernandez Reyes, demands the entry of a judgment in her favor and against Defendant, Henry Vera, for all breach of contract damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

Respectfully submitted this 11th day of April 2025,

                                            <u>s/Brian H. Pollock, Esq.</u>
                                            Brian H. Pollock, Esq.
                                            Fla. Bar No. 174742
                                            <u>brian@fairlawattorney.com</u>
                                            FAIRLAW FIRM
                                            135 San Lorenzo Avenue, Suite 770
                                            Coral Gables, FL 33146
                                            Tel:   305.230.4884
                                            *Counsel for Plaintiff*

9