UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-21678-GAYLES/GOODMAN

MAIRALYS FERNANDEZ REYES,

    Plaintiff,

vs.

HENRY VERA,

    Defendant.
_____/

## **PLAINTIFF'S MOTION FOR ENTRY OF CLERK'S DEFAULT AGAINST DEFENDANT**

Plaintiff, Mairalys Fernandez Reyes, through undersigned counsel and pursuant to Fed. R. Civ. P. 55 and other applicable Rules and laws, moves the Clerk of Court to enter a Default against Defendant, Henry Vera, based on the following good cause:

### **I. INTRODUCTION**

Following Ms. Reyes' repeated and diligent attempts to serve Defendant with process or any other individual authorized to accept service on his behalf, Ms. Reyes was left with no choice but to effectuate substitute service on him through the Florida Secretary of State as his agent pursuant to Florida Statute §48.161. [ECF Nos. 18, 19, 22]. Although Ms. Reyes has now perfected substitute service on Defendant through the Florida Secretary of State, Defendant has failed to respond to the pleadings, necessitating the entry of the Clerk's default.

### **II. MEMORANDUM OF LAW**

The federal procedure for service of process on an individual, such as the Defendant, is as follows:

> An individual may be served in a judicial district of the United States by:
> (1) Following the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) Doing any of the following:
>     a. Delivering a copy of the summons and of the complaint to the individual personally;
>     b. Leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there or;
>     c. Delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

*Fed. R. Civ. P. 4(e)*

As a result of Ms. Reyes' inability to serve Defendant in accordance with Fed. R. Civ. P. 4(e), and Fla. Stat. §48.031, and despite her continued and diligent efforts, Ms. Reyes then resorted to effectuating substitute service on Defendant by serving an alias Summons and the Complaint on the Florida Secretary of State pursuant to Fla. Stat. §48.161. On July 16, 2025, Ms. Reyes filed her Alias Summons to be served in the Florida Secretary of State as an agent of Defendant pursuant to Florida Statute §48.161. [ECF No. 18]. The Clerk of the Court issued the Allias Summons on July 17, 2025. [ECF No. 19].

On July 22, 2025, the office of the undersigned notified the Defendant that the Secretary of State accepted substitute service for him by sending a copy of the Complaint [ECF No. 1], the Alias Summons issued to Defendant [ECF No. 19] and the acknowledgment by the Florida Secretary of State [ECF No. 19], by U.S. certified mail, return receipt requested, to his principal address: 15874 SW 14th Ct. Pembroke Pines, FL, 33027 [ECF Nos. 1,19, 22-3]. This package was returned to the undersigned as "Unable To Forward" [ECF No. 22-4]. The Court found that Ms. Reyes served the Defendant with process. [ECF No. 23].

By serving the Complaint and Alias Summons on the Florida Secretary of State, and thereafter sending the Secretary's notice of Acceptance, along with a copy of the Complaint and

Alias Summons to the Defendant, Ms. Reyes perfected substituted service of process on Defendant, [ECF No. 23], requiring that Defendant file his response to the Complaint within twenty-one days of service under Rule 12 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4; Fla. Stat. §48.161. Defendant is not military. (*See* ECF No. 22-5). Defendant failed to respond to the Complaint, necessitating the Clerk's entry of default.

"In the courts, there is room for only so much lenity. The district court must consider the equities not only to plaintiff and his counsel, but also to the opposing parties and counsel, as well as to the public, including those persons affected by the court's increasingly crowded docket." *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 864 (11th Cir. 2004).

### III. CONCLUSION

WHEREFORE Plaintiff, Mairalys Fernandez Reyes, requests the Clerk of Courts to issue a Default against Defendant, Henry Vera, for failing to respond to the Complaint within the time proscribed by law or request (and obtain) an extension of time from the Court, and to award such other and further relief as the Court deems just and proper.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served through filing in the U.S. District Court's CM/EDF System on this 21st day of October 2025, which will effect service on all who appear in this action, and by U.S. Mail on Defendant, Henry Vera, 15874 SW 14th Ct. Pembroke Pines, FL, 33027.

Respectfully submitted this 21st day of October 2025.

                                                s/Katelyn Schickman, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Katelyn Schickman, Esq.(1064879)
katie@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Miami, FL 33146
Tel:     305.230.4884
*Counsel for Plaintiff*