UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-21678-GAYLES/GOODMAN

MAIRALYS FERNANDEZ REYES,

    Plaintiff,

vs.

HENRY VERA,

    Defendant.
_____/

## **PLAINTIFF'S MOTION FOR DEFAULT FINAL JUDGMENT**

Plaintiff, Mairalys Fernandez Reyes, through her undersigned counsel and pursuant to Local Rule 7.1 and other applicable rules and laws, requests that the Court enter a Final Judgement in her favor and against Defendant, Henry Vera, based on the following good cause:

1. Plaintiff, Mairalys Fernandez Reyes, sued Defendant, Henry Vera, for violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, by failing to pay her minimum wages, overtime wages, and tips, and for unpaid wages under the common law of Florida in claims for breach of contract and unjust enrichment.

2. Plaintiff provided a copy of the Summons and Complaint to her process server, who made multiple attempts to serve Defendant beginning in April 2025 until the most recent attempt on July 18, 2025, but to no avail. [ECF No. 20].

3. Plaintiff filed a Motion for Extension of Time to Effect Service of Process on Defendant, which was granted by the Court, followed by a Notice of Filing Proposed Summons for Henry Vera to serve him through the Secretary of the State of Florida [ECF Nos. 16, 17, 18].

4. The Secretary of State Accepted substitute service of process for the Defendant on July 22, 2025. [ECF No. 22-2].

5. Plaintiff filed a Motion to Declare Defendant Served with Process Pursuant to Fla. Stat. §48.031, which the Court granted on October 17, 2025. [ECF Nos. 22, 23].

6. Defendant took none of the required actions and filed nothing through the date set forth below, such that the Clerk of Courts granted Plaintiff's Motion for Entry of Clerk's Default. [ECF Nos. 24, 25].

7. A proposed Final Default Judgment is being filed with this Motion as Exhibit "A."

8. Appended to this motion as Exhibit "B" is a Declaration of Indebtedness by Plaintiff, Mairalys Fernandez Reyes.

9. In Exhibit "B", Ms. Fernandez Reyes declared that she is owed and entitled to recover the amount of **$17,659.83** from Defendant for unpaid/underpaid minimum wages, overtime wages, and tips, plus liquidated damages of **$17,659.83**. (Exhibit "B") and [ECF No. 9].

10. As the prevailing party in this case, Plaintiff seeks the recovery of her reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b) and Fla. Stat. §448.08, and therefore seeks an order of entitlement to recover her attorneys' fees and costs from Defendant.

11. Plaintiff is serving a copy of this Motion on Defendant by U.S. Mail at his last known address.

WHEREFORE Plaintiff, Mairalys Fernandez Reyes, requests the Court to issue a Final Judgement in her favor against Defendant, Henry Vera, for damages, liquidated damages, attorneys' fees and costs, and to award such other and further relief as the Court deems just and proper.

**MEMORANDUM OF LAW**

In *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009), the Eleventh Circuit Court of Appeals recognized that, "A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.' " *Quoting Nishimatsu Const. Co. v. Houston Nat'l Vabj*, 515 F.2d 1200, 1206 (5th Cir. 1975); *also citing Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

Satisfying this standard, Ms. Reyes alleged facts in the complaint that, as admitted pursuant to Defendant's default, establish that the Defendant was subject to and violated the FLSA by failing to pay her minimum wages, overtime wages, and tips she earned, thereby entitling Ms. Reyes to recover her unpaid minimum and overtime wages, tips, liquidated damages, and attorneys' fees and costs as well as damages for breach of contract and unjust enrichment.

## I. FLSA CLAIMS

To recover under the FLSA, Plaintiff is "simply" required to demonstrate "a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act." *Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. 2008) (*citing* 29 U.S.C. §§206, 207, and 215(a)(2) and (5).)

### A. Defendant Employed Plaintiff.

Plaintiff alleged in the Complaint that Defendant, Henry Vera, employed her and was responsible for paying Plaintiff's wages. [ECF No. 1, at ¶¶ 2, 13-15, 21-23].

### B. The FLSA Applies to Defendant and to Plaintiff's Work for Defendant.

Plaintiff must also demonstrate that she is entitled to the protections of the FLSA by virtue

of enterprise or individual coverage.

> To establish enterprise coverage under the FLSA, a business mut have "employees engaged in commerce or in the production of goods for commerce or that [have] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and "at least $500,000 of 'annual gross volume of sales made or business done.' " *Polycarpe v. E & S Landscaping Serv., Inc.,* 616 F.3d 1217, 1220 (11th Cir. 2010) (quoting 29 U.S.C §203(s)(1)(A)). For individual FLSA coverage to apply, a Plaintiff must show that" [s]he was (1) engaged in commerce or (2) engaged in the production of goods for commerce. *Thorne v. All Restoration Servs., Inc.,* 488 F.3d 1264, 1266 (citing 29 U.S.C. §207(a)(1)).

*West v. Aventura Limousine & Transp. Serv., Inc.,* 2012 U.S. Dist. LEXIS 114368 (S.D. Fla. Aug. 14, 2012).

In the Complaint, Plaintiff alleged that Defendant restaurant had employees who were engaged in interstate commerce and had gross revenues exceeding $500,000 per year in the time period during which Plaintiff worked. [ECF No. 1, at ¶¶ 2, 3, 9-12]. Plaintiff further alleged that Defendant's restaurant "regularly and recurrently" utilized computers, equipment, telephone lines, and electronic transmissions that also traveled through interstate commerce. [*Id.*, at ¶ 11]. Plaintiff, therefore, sufficiently alleged a basis for the Court to find that Defendant is subject to FLSA enterprise coverage. *Exime v. E.W. Ventures, Inc.,* 591 F. Supp. 2d 1364, 1369 (S.D. Fla. 2008) ("a defendant employer, grossing in excess of $500,000, is subject to enterprise coverage where at least two employees engage in 'handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.'") (*quoting* 29 U.S.C. §203(s)(1)(A)(i).)

Plaintiff further alleged that her work for Defendant was actually in or so closely related to the movement of commerce in the course of her handling, serving, and selling liquor, beer, mixers, and beverages that have traveled through interstate commerce. [*Id.*, at ¶ 24]. Plaintiff sufficiently alleged a basis for the Court to find that she is entitled to individual FLSA coverage. *See e.g., Thorne*

*v. All Restoration Services, Inc.,* 448 F.3d 1264, 1266 (11th Cir. 2006) (individual coverage exists for employee "regularly using the instrumentalities of interstate commerce in her work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mail, or travel.") (*citing* 29 C.F.R. §§ 776.23(d)(2) and 776.24 (2005).)

## C. Plaintiff Performed Work for Which She Was Not Paid.

Plaintiff did not have the benefit of accurate time and pay records from Defendant and so she based her calculations on her best estimate of the dates and times worked and the pay she received for that work. (*See* Exhibit "B".)

> An employee who brings suit under s 16(b) of the Act for unpaid minimum wages or unpaid overtime compensation, together with liquidated damages, has the burden of proving that [s]he performed work for which [s]he was not properly compensated. The remedial nature of this statute and the great public policy which it embodies, however, militate against making that burden an impossible hurdle for the employee. Due regard must be given to the fact that it is the employer who has the duty under s 11(c) of the Act to keep proper records of wages, hours, and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed. Employees seldom keep such records themselves; even if they do, the records may be and frequently are untrustworthy. It is in this setting that a proper and fair standard must be erected for the employee to meet in carrying out h[er] burden of proof.

*Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-87 (1946). Plaintiff attested to having suffered damages for unpaid FLSA minimum wages of **$6,740.40**, unpaid FLSA overtime wages of **$4,198.30**, and unpaid tips in the total amount of **$6,731.13**. [ECF No. 9; Exhibit "B"]. Plaintiff thus satisfied the requirement that she provide the court with evidentiary support for her damages recoverable under the FLSA.

> Following the entry of a default judgement, damages may be awarded "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," so long as all essential evidence is a matter of record. *S.E.C. v. Smyth,* 420 F.3d 1225, 1231, 123 n.13 (11th Cir. 2005) (*quoting Adolph Coors Co. v. Movement Against Racism & the Klan,* 777 F.3d 1538, 1544 (11th Cir. 1985)).

*Febles v. RC Painting Contractors, Inc.,* 2013 U.S. Dist. LEXIS 198664 (S.D. Fla. Dec. 31, 2013).

### D. Plaintiff is Entitled to Liquidated Damages

The FLSA requires the doubling of an award unless the employer(s) can successfully show good faith pursuant to 29 U.S.C. §260. *Rodriguez v. Farm Stores Grocery, Inc.,* 518 F.3d 1259, 1272 (11th Cir. 2008) ("Under the FLSA, a district court generally must award a plaintiff liquidated damages that are equal in amount to actual damages."); *see also Dybach v. State of Fla. Dept. of Corr.,* 942 F.2d 1562, 1566-67 (11th Cir. 1991). The employer carries the burden of proving its entitlement to the "safe harbor" provisions of the Portal-to-Portal Act. *Joiner v. City of Macon*, 814 F. 2d 1537, 1539 (11th Cir. 1987). Defendant has not and cannot meet his burden by failing to defend this action; therefore, the Court must award liquidated damages to Plaintiff in amounts equal to her unpaid minimum wages, overtime wages, and tips. *See Joiner*, 814 F.2d at 1539. ("Thus, the district court's decision whether to award liquidated damages does not become discretionary until the employer carries its burden of proving good faith.") Consequently, Ms. Reyes is entitled to recover an additional amount of **$17,659.83** as liquidated damages from Defendant.

## II. FLORIDA COMMON LAW WAGE CLAIMS

### A. Plaintiff Alleged a *Prima Facie* Claim for Breach of Contract.

To state a claim for breach of contract under Florida law, a plaintiff must demonstrate: (1) the existence of a valid contract, (2) a material breach of that contract, and (3) damages resulting from the breach. *Beck v. Lazard Freres & Co., LLC,* 175 F. 3d 913, 914 (11th Cir. 1999). Here, Plaintiff alleged that she entered into a contract with the Defendant, pursuant to which she would perform work for Defendant at a rate of $20.00 per hour (although the Defendant reduced Plaintiff's hourly rate to $18.00 from July 1, 2024, through August 11, 2024, then raised her hourly rate back to

$20.00 for work performed thereafter). [ECF No. 1, at ¶ 37; ECF No. 9; Exhibit "B"]. Defendant breached his contractual arrangement with Plaintiff when he failed to pay her whatsoever for the work Plaintiff performed from November 18, 2024, to December 27, 2024, resulting in damages (in the form of unpaid wages) to her in the amount of **$6,740.40**. [ECF No. 1, at ¶¶ 39-40; ECF No. 9; Exhibit "B"].

### B. Plaintiff Alleged a *Prima Facie* Claim for Unjust Enrichment

In the alternative, Plaintiff has also alleged a *prima facie* claim for unjust enrichment, which under Florida law requires a showing that: (1) Plaintiff conferred a benefit upon Defendant, (2) Defendant had knowledge of the benefit, (3) Defendant accepted and retained the benefit, and (4) it would be inequitable for the Defendant to retain the benefit without compensating Plaintiff. *CFLB P'ship, LLC v. Diamond Blue Int'l, Inc.*, 352 So. 3d 357, 359 (Fla. 3d DCA 2022).

Plaintiff alleged that she performed substantial work and services for Defendant's restaurant business, upon his request, including "serving tables, working as a bartender, working as a busser, and performing other jobs." [ECF No. 1, at ¶¶ 17, 19, 42, 44]. Defendant knowingly accepted and retained this benefit while failing to pay Plaintiff the agreed-upon or reasonable value of those services for work she performed between November 18, 2024, and December 29, 2024 [*Id.* at ¶¶ 44-45; ECF No. 9; Exhibit "B"], and allowing Defendant to retain this benefit without payment would unjustly enrich him at Plaintiff's expense.

### CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court enter a Default Final Judgment against Defendant granting the relief described herein, and determine that Plaintiff is the prevailing party entitled to attorneys' fees and costs pursuant to 29 U.S.C. § 216(b). Plaintiff

further requests that the Court reserve jurisdiction to determine the amount of such attorneys' fees and costs upon Plaintiff's subsequent application.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served through filing in the U.S. District Court's CM/ECF System on this 14th day of November 2025, which will effect service on all who appear in this action, and by U.S. Mail on Defendants, Henry Vera, 15874 S.W. 14 Court Hollywood, FL 33027 (his last known postal address).

                                                       s/Katelyn Schickman, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
Katelyn Schickman, Esq.
Fla. Bar No. 1064879
katie@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Miami, FL 33146
Tel:     305.230.4884
*Counsel for Plaintiff*