UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-21678-GAYLES/GOODMAN

MAIRALYS FERNANDEZ REYES,

    Plaintiff,

vs.

HENRY VERA,

    Defendants.
_____/

### PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

Plaintiff, Mairalys Fernandez Reyes, through her undersigned counsel and pursuant to Fed. R. Civ. P. 55, 69, Local Rule 7.01, 29 U.S.C. §216, and other applicable Rules and laws, requests that the Court enter an Order determining that she is the prevailing party in this action and entitled to recover attorneys' fees, costs, and expenses of litigation from Defendant, Henry Very, based on the following good cause:

#### I.    FACTUAL AND PROCEDURAL HISTORY

1. Ms. Fernandez Reyes sued Mr. Vera for the wages she earned but did not receive, including for failing to pay her minimum wages, overtime wages, and tips in violation the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.,* by, and for not paying her the "gap time" wages she earned for which she pursued claims for breach of contract and unjust enrichment under the common law of Florida.

2. The Court entered a Final Judgment on November 18, 2025, which states "Plaintiff is the prevailing party and is entitled to recover her reasonable attorneys' fees and costs." [ECF No. 29].

## II. THE REASONABLE FEES AND COSTS

3. Plaintiff seeks **$14,750.00** for her attorney's fees ($14,750.00) and taxable costs ($556.96), as referenced in Exhibits "A" and "B."

4. The undersigned Counsel's time and expense records in this case reflect the time and costs reasonably expended in the prosecution of this case and are attached as Exhibits "A" and "B" to this Motion.

5. Exhibits "A" and "B" are contemporaneously made, and they are true and accurate copies of records digitally made and kept in the ordinary course of business.

WHEREFORE Plaintiff, Mairalys Fernandez Reyes, requests the Court to enter a Final Judgment for attorneys' fees and costs to be recovered from Defendant, Henry Vera, pursuant to Fed. R. Civ. P. 55, 69, and 29 U.S.C. §216(b).

## III. MEMORANDUM OF LAW

"A plaintiff is a prevailing party entitled to attorneys' fees when he receives a judgment on the merits or a consent decree." *Laney v. BBB Logistics, Inc.,* 844 F. App'x 203, 207 (11th Cir. 2021) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.,* 532 U.S. 598,604, 121S. Ct. 1835, 149 L. Ed. 2d 885(2001); and *Hanrahan v. Hampton*, 446 U.S. 754, 756-57, 100 S. Ct. 1987, 64 L. Ed. 2d 670 (1980)). There is no doubt that Ms. Fernandez Reyes was the "prevailing party" and entitled to recover her attorney's fees from Mr. Vera after the court

entered the Final Judgment. [ECF No. 29]. She is entitled to recover her fees from Mr. Vera under 29 U.S.C. §216(b).

In determining the attorneys' fees to be awarded to Ms. Fernandez Reyes, the Eleventh Circuit Court of Appeals provided the guideposts in *Loranger v. Stierheim*, as follows:

> The starting point in fashioning an award of attorneys' fees is to multiply the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhard,* 461 U.S. 424, 433 (1983). This 'lodestar" may then be adjusted for the results obtained. *Id.* At 435-37; *Norman v. Houring Auth.,* 836 F.2d 1292, 1302 (11th Cir. 1988).

0 F.3d 776, 781 (11th Cir. 1994). These elements will be addressed in the appropriate order below:

    1.    <u>Plaintiff's counsel expended a reasonable number of hours.</u>

Counsel for a prevailing plaintiff should be paid consistently with attorneys compensated by a fee-paying client for all the time reasonably expended on a matter. *Blanchard v. Bergeron*, 489 U.S. 87, 91 (1989). The Eleventh Circuit Court of Appeals explained that "hours reasonably expended" meant "billable hours," such as "… work that would be paid for by a reasonable client of means seriously intent on vindicating the rights in issue." *Perkins v. Mobile Housing Auth.,* 487 F.2d 738 (11th Cir. 1998). Counsel's sworn testimony is evidence to be given "considerable weight" of the time required, and it must appear that the time is "obviously and convincingly excessive" to reduce the hours. *Id.* During this case, undersigned counsel exercised billing discretion by not billing for every call, email, or interaction with the Court, opposing counsel, or Ms. Fernandez Reyes, even though these interactions involved compensable time that could have been billed. Counsel was careful not to unnecessarily duplicate efforts in achieving the results obtained or to engage in duplicate billing when two or more timekeepers coordinated on events in this case.

    2.    <u>Plaintiff's hourly rate(s) for this type of litigation is reasonable.</u>

The initial estimate of a reasonable hourly attorney's fee is properly calculated by multiplying the number of hours expended on the litigation times a reasonable hourly rate. "A reasonable hourly fee is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Loranger,* 10 F.3d at 781 (quoting *Norman*, 836 F.2d at 1299) (citing *Blum v. Stenson,* 465 U.S. 886,895-96n. 11 (1984)). Fee awards are to be calculated based on the prevailing market rates in the local community for similar services by lawyers of reasonably comparable skill, reputation, and experience. *Blum*, 465 U.S. at 894. Evidence of prevailing rates for comparable services can be adduced through direct evidence of charges by lawyers under similar circumstances or opinion evidence. *Duckworth v. Whisenant,* 97 F. 3d 1393 *11th Cir. 1996); *Norman,* 836 F.2d at 1299. Evidence of comparable skill should be defined in terms of length and type of experience, education, professional accomplishments, and reputation. *Perkins,* 847 F.2d at 737, n.1. The Court should also analyze the organization's skill, efficiency, knowledge of the trial practice, knowledge of the substantive law, and persuasiveness in determining the skill level of the lawyer seeking an award of attorneys' fees. Adjustments to that hourly rate may then be made as necessary for a particular case. *Blum*, 465 U.S. at 888.

Plaintiff entered into a contingency arrangement with her counsel for this case. This contingent arrangement provided FairLaw Firm with no guarantee of payment for the services rendered by the firm. The contingent fee agreement provides that all time spent by Mr. Pollock and the other attorneys in his firm should be compensated at a rate of $500.00/hour. The justification for the hourly rates for each timekeeper is explained in more detail in the following paragraphs.

In this case, Mr. Pollock and his firm obtained a final default judgment against Mr. Vera for minimum wages, overtime wages, and tips that Ms. Fernandez Reyes earned but was not paid. The following rates are sought for those who spent time in this case:

   a. Brian H. Pollock, Esq. (Managing Attorney) $550/hour
   b. Patrick Brooks LaRou. Esq. (Associate Attorney) $338.64/hour
   c. Katelyn Schickman, Esq. (Associate Attorney) $275/hour
   d. Steffany Sanguino (Florida certified paralegal) $165/hour

In determining the hourly rates for the above-referenced timekeepers, the Court should consider an upward adjustment to account for the increased cost of living, as reflected in the Consumer Price Index. *Wise v. O'Malley,* 2024 U.S. Dist. LEXIS 219989 at *3 (M.D. Fla. Dec. 5, 2024); *see also* https://data.bls.gov/cgi-bin/cpicalc.pl. Thus, to the extent the Court considers the hourly rates previously awarded to Plaintiff's counsel, it should consider the compounding effect of the increased cost of living since each order entered thereon.

Further and more specific justification for the rates requested and background about the timekeepers is as set forth below:

   a. *Plaintiff's Lead Counsel – Brian H. Pollock, Esq.*

September 2025 marked Mr. Pollock's 26th year of practicing law. From October 2005 to October 31, 2011, he served on The Florida Bar Unlicensed Practice of Law Committee 11A and was its Chairperson from May 2011 to October 31, 2011. Mr. Pollock most recently served as president of the Miami-Dade County Bar Association Labor & Employment Committee from 2022 to 2023.

Mr. Pollock seeks an awarded rate of $550/hour for work performed on this case in 2025, which recognizes the efficiencies an attorney with his experience creates and the tasks he can accomplish or delegate in litigating FLSA cases. Mr. Pollock has been a member in good standing

of The Florida Bar and of the District Court for the Southern District of Florida since 1999, and he has been admitted to the District Courts for the Middle and Northern Districts of Florida as well as the Eleventh Circuit Court of Appeals. Mr. Pollock has practiced civil litigation in Florida state and federal courts since 1999, and he has been admitted *pro hac vice* to serve as counsel in class actions pending in the District Court for the Northern District of Georgia and in the state of Georgia. He is admitted to practice and routinely practices in the Middle District of Florida, the Northern District Court of Florida, and the Eleventh Circuit Court of Appeals. He has also been admitted to practice and has appeared in the United States Supreme Court. Mr. Pollock also handles matters in arbitration, including with the American Arbitration Association and other arbitration managers.

Mr. Pollock has represented numerous people and businesses in the Florida state, federal, and appellate courts in individual cases and class / collective actions, and he continues to do so. Mr. Pollock was appointed as lead counsel to represent collective actions in *Peña vs. Handy Wash, Inc.* S.D. Fla. Case No.: 14-20352-ATALONAGA, in *Caamano v. 7 Call Center Inc.,* S.D. Fla. Case No.: 16-CV-20932-GAYLES, in *Benjamin v. VHU Express, Inc.,* S.D. Fla. Case No.: 15-CV-20542-KING, and in *Freese v. Treecycle Land Clearing Inc.,* S.D. Fla. Case No.: 17-CV-81169-REINHART, and *Collado vs. 450 North River Drive, LLC,* S.D. Fla. Case No.: 1-22-CV-20374-WILLIAMS. Mr. Pollock was also appointed as a class counsel in several class actions, including a class of servers seeking unpaid minimum wages under the Florida Minimum Wage Act in *Rojas Molina vs. Yankee Development Corp. d/b/a A Fished Called Avalon,* Eleventh Circuit Court for Miami-Dade Case No.: 16-010745 CA 01 (09), and for over 60 employees

seeking underpaid wages in *Azor v. Direct Airlines Services, Inc.,* Eleventh Circuit Court for Miami-Dade Case No.: 17-007921 CA 01 (32).

In addition to representing claimants in individual, collective, and multi-party wage lawsuits, Mr. Pollock and his firm regularly represent individuals, businesses, employers, and defendants in Florida state and federal courts, arbitration proceedings, and administrative investigations. Mr. Pollock's customary rate, paid by employers and defense, was $500.00 per hour through November 2025,[1] secured by a retainer that typically includes both non-refundable and refundable amounts. This case, in contrast, provided FairLaw Firm with no guarantee of payment for the services rendered to Plaintiff based on the nature of the representation agreement with Plaintiff. Herein, Plaintiff signed a contingency agreement with FairLaw Firm, wherein she agreed that all time spent by Mr. Pollock and the other attorneys in his firm would be compensated at a rate of $600/hour, and the recovery of attorney's fees by FairLaw Firm would be contingent upon the outcome of the case.

Courts have routinely found Mr. Pollock's reasonable hourly rate to be $500 per hour, including when approving the settlement in *Maracallo vs. Cusano Air Conditioning & Heating, Inc.,* S.D. Fla. Case No.: 24-CV-20546-GOODMAN at ECF No. 37 on May 31, 2024 ("The Undersigned finds that Claimant's lead counsel's hourly rate of $500.00, for an attorney practicing law for approximately 25 years, to be reasonable.")[2] In fact, this Court approved Mr. Pollock's

---

[1] Mr. Pollock's rate for new clients is at least $635 per hour, effective December 1, 2025.
[2] Magistrate Judge Goodman approved "…(2) Attorney P. Brooks LaRou, with an hourly rate of $325.00, practicing law for approximately two years; and (3) Paralegal Steffany Sanguino, with an hourly rate of $165.00, practicing as a paralegal for approximately ten years." *Id.*

rate of $500 per hour <u>over seven years ago</u> in *Palacio Cruz vs. Infante Security Protection, LLC*, 18-CV-21839-GAYLES on September 4, 2018, at ECF No. 17.

      b.   *Plaintiff's Associate Attorney – Patrick Brooks LaRou, Esq.*

Patrick Brooks LaRou worked as an associate attorney at FairLaw Firm under the direction of Mr. Pollock. Mr. LaRou graduated from Virginia Commonwealth University in 2017. Then he obtained his Juris Doctorate from St. Thomas University, Benjamin L. Crump School of Law in May 2022, cum laude, with a concentration in Intercultural Human Rights. He served as staff editor for St. Thomas University Benjamin L. Crump School of Law's Intercultural Human Rights Law Review. While at St. Thomas. Mr. LaRou was recognized for his dedication to public service, receiving a pro bono commendation for his volunteer work as a legislative assistant to the Miami-Dade Board of County Commissioners, during which he devoted over 200 pro bono hours to serving the county.

September 2025 marked Mr. LaRou's 3rd anniversary as an attorney. Besides being licensed to practice law in Florida, Mr. LaRou has been admitted and routinely practices in the District Courts for the Southern and Middle Districts of Florida. Mr. LaRou has mainly practiced labor and employment law as an attorney, most often representing employees in employment disputes, while occasionally representing employers in employment disputes. Mr. LaRou has significant experience representing individuals to recover unpaid wages in the Florida state and federal courts. Mr. LaRou is an effective and efficient attorney with trial experience. Considering the foregoing, the appropriate rate for Mr. LaRou's experience is $338.64 per hour. (*See Maracallo vs. Cusano Air Conditioning & Heating, Inc.,* S.D. Fla. Case No.: 24-CV-20546-GOODMAN at ECF No. 37.)

    c.  *Plaintiff's Associate Attorney – Katelyn Schickman, Esq.*

Katelyn Schickman, Esq., is bilingual (English and Spanish) and an associate attorney at FairLaw Firm since May 2025. Ms. Schickman graduated from Florida International University in 2021 and earned her Juris Doctor, with a Certificate in Business Law, from St. Thomas University College of Law in December 2024. At St. Thomas University School of Law, she was recognized for her dedication to public service with a pro bono commendation for her volunteer work with the Florida Legal Immigration Coalition and for coaching youth sports with the Suniland Sundevils. Ms. Schickman was an active member of the St. Thomas University College of Law Trial team while managing several internships. She interned with the Human Trafficking Front, providing advocacy and legal support for survivors, and with the U.S. All-Star Federation, gaining experience with personnel, employment, and compliance issues involving athletes and coaches in competitive sports. Courts in the Southern District of Florida have found that a $275 hourly rate is consistent with the prevailing market rate. *Madden v. Just Believe Recovery Ctr. LLC*, 391 F. Supp. 3d 1121 (S.D. Fla. 2019).

    d.  *Plaintiff's Paralegal – Steffany Sanguino*

Steffany Sanguino earned an Associate in Arts degree in business from Miami-Dade College and a Bachelor of Applied Science degree in Supervision and Management from Miami-Dade College with a concentration in Human Resource Management. She also earned her Paralegal Certificate from Ashworth College. She is bilingual (English and Spanish) and has worked as a litigation paralegal in Florida since January 2016. Ms. Sanguino has been with FairLaw Firm since August 2022, focusing on wage and employment cases. Since August 2022, her *hourly rate charged and paid* by clients has been $165.

    3.    <u>Lodestar Adjustment</u>

Plaintiff does not request the Court to make any upward or downward adjustments in the fees to be awarded.

    4.    <u>Attorney's Fees</u>

By this motion and pursuant to 29 U.S.C. §216(b), Plaintiff seeks a total fee award for his counsel of **$14,750.00** as follows:

| Timekeeper | Hourly Rate | Hours | Total |
|---|---|---|---|
| Brian H. Pollock | $550 | 6 | $3,300.00 |
| P. Brooks LaRou | $338.64 | 3.9 | $1,357.50 |
| Katelyn Schickman | $275 | 31 | $8,525.00 |
| Steffany Sanguino | $165 | 9.5 | $1,567.50 |
| Total |  |  | $14,750.00 |

(Exhibit "A").[3]

Plaintiff further requests that this Court consider awarding the additional attorneys' fees that will continue to be incurred in litigating the amount of the attorney's fees awarded to the extent additional litigation and/or briefing is required. *See, e.g., Thompson v. Pharmacy Corp. Of Am., Inc.,* 334 F.3d 1242, 1245 (11th Cir. 2003) (*discussing the* propriety of awarding "fees for litigating fees"); *Sheet Metal Workers' Intern. Ass'n Local 15, AFL-CIO v. Law Fabrication, LLC,* 237 Fed. Appx. 543,550 (11th Cir. 2007) ("federal statutory fee-shifting provisions ordinarily authorize fees

---

[3]    Exhibit "A" does not include any future time to be expended litigating this Motion. Any Response filed by Defendants, or any reply thereto.

on fees"); and *Brown Jordan Int's, Inc. v. Carmicle,* U.S. Dist. LEXIS 25879 (S.D. Fla. Mar. 1, 2016).

 5. Costs of Litigation

The Plaintiff incurred **$556.95** in costs in prosecuting this action:

| | |
|---|---|
| Filing Fee: | $405.00 |
| Service of Process: | $137.00 |
| Postage: | $14.96 |

(Exhibit "B")

## LOCAL RULE 7.3 CERTIFICATION

I hereby certify that the undersigned counsel has made a good faith effort to resolve the issues raised in this Motion. As of the date of this filing, Defendant has not filed an appearance and remains in default. Defendant was served through the Secretary of State, and undersigned counsel has not received any response or communication from Defendant. Accordingly, a traditional conferral was not possible

**WHEREFORE**, Plaintiff requests the Court award $14,750.00 in attorney's fees and $556.96 in costs, for a total award of **$15,306.96**.

## VERIFICATION

By my signature below, I execute this declaration in Miami-Dade County, Florida, and declare under penalty of perjury that the foregoing is true and correct.

Dated this 5th day of January 2026.

> s/Katelyn Schickman, Esq.
> Brian H. Pollock (174742)
> brian@fairlawattorney.com
> Katelyn Schickman, Esq. (1064879)
> Katie@fairlawattorney.com
> FAIRLAW FIRM
> 135 San Lorenzo Avenue
> Suite 770

                                                              Coral Gables, FL 33146
                                                              Tel:    305.230.4884
                                                              *Counsel for Plaintiff*